*Xu v. Lynch*

BIA
Cheng, IJ
A200 603 621

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand fifteen.

PRESENT:
>   JOSÉ A. CABRANES,
>   DEBRA ANN LIVINGSTON,
>   SUSAN L. CARNEY,
>       *Circuit Judges.*

_____

XIAN ZHU XU,
>       *Petitioner,*

v.                                                    14-1060
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General, Civil Division;
                       Stephen J. Flynn, Assistant
                       Director; James A. Hurley, Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xian Zhu Xu, a native and citizen of China, seeks review of a March 31, 2014 decision of the BIA affirming a July 12, 2012 decision of an Immigration Judge ("IJ") denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Zhu Xu,* No. A200 603 621 (B.I.A. Mar. 31, 2014), *aff'g* No. A200 603 621 (Immig. Ct. N.Y.C. July 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Xu's, that are governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64, 167 (2d Cir. 2008)(per curiam).

In its adverse credibility finding here, the agency reasonably relied on the inconsistencies between Xu's credible fear interview and her testimony and application. Xu's credible fear interview bears sufficient indicia of reliability, and Xu does not contest that the relevant assertions that she made there were false and conflicted with the asylum claim she presented in her subsequent application and testimony. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009).

Xu argues that the agency erred by relying solely upon the discrepancies between her credible fear interview and her testimony and application. When the agency "has 'identified a material inconsistency in an aspect of [the applicant's] story

3

that served as an example of the very persecution from which he sought asylum,' . . . the inconsistency [can] afford[] substantial evidence to support the adverse credibility finding." *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006) (quoting *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)). The inconsistencies relied upon by the agency were material: they concerned whether or not Xu had an abortion, whether she was detained for hours or 20 days, whether she was pregnant once or twice, whether she remained in hiding for 11 years, and whether she was persecuted because she violated the family planning policy or if there was an additional basis, such as her support of Falun Gong. The agency's reliance on these discrepancies was proper.

Thus, at her credible fear interview, Xu alleged that family planning officials discovered her second pregnancy, arrested and detained her for 20 days, and forced her to terminate the pregnancy because she was not married. She stated that she went into hiding for almost 11 years following that incident. In contrast, her asylum application and testimony omit any assertions about the abortion and second pregnancy, the 20-day detention, and her 11 years of hiding.

4

Instead, there, Xu alleged that she was detained for a few hours and fined for being pregnant out of wedlock, but was not forced to have an abortion. She asserted in addition that she was later arrested, detained, and beaten for criticizing the Chinese Government's suppression of Falun Gong. Xu's explanation for the divergent accounts—that she was forced to tell the asylum officer the story a snakehead gave her—is not one that the agency was compelled to credit, particularly since the snakehead did not attend the interview, Xu was instructed there on the importance of telling the truth, and her husband had already been granted withholding of removal on a Falun Gong claim. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Xu also faults the IJ for not considering her Falun Gong claim and her husband's testimony. The IJ's decision contains detailed descriptions of both, however, and the IJ specifically concluded that, after "considering all the evidence," there was no "reasonable way to reconcile" the two different accounts of

5

persecution that Xu advanced.  *In re Xian Zhu Xu*, No. A200 603 621, at 25 (Immig. Ct. N.Y.C. July 12, 2012).  Although the IJ stated that she relied on inconsistencies relating to the family planning ground, the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007)(per curiam)(internal quotation marks omitted).

Xu's final argument is that the agency inappropriately applied the doctrine *falsus in uno, falsus in omnibus* because the agency did not consider that her husband's testimony corroborated her claim and that Xu's credible fear interview was not reliable.  The agency explicitly considered, however, that Xu's husband's testimony corroborated her own and that her husband was unable to clarify certain discrepancies in her testimony and the record.  *See Immig. Ct. Dec.* at 16-20.  In addition, as noted above, the agency did not err in relying on Xu's credible fear interview because it bore sufficient indicia of reliability.  *Ming Zhang*, 585 F.3d at 723-25.

Because the totality of the circumstances supports the agency's adverse credibility determination, and because all of

Xu's claims relied on the same factual predicate, the determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006)

For the foregoing reasons, the petition for review is DENIED. Since we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk